UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RONALD PATTERSON,<br><br>              Plaintiff.<br>v.<br><br>CHASE RODGERS, Chief Justice of the Supreme Court; FLEMING L. NORCOTT, JR., Associate Justice of the Supreme Court; RICHARD N. PALMER, Associate Justice of the Supreme Court; CHRISTINE S. VERTEFEUILLE, Associate Justice of the Supreme Court; PETER T. ZARELLA, Associate Justice of the Supreme Court; C. IAN MCLACHAN, Associate Justice of the Supreme Court; JOSEPH P. FLYNN, Former Chief Appellate Justice of Connecticut Appellate Court; THOMAS A. BISHOP, Appellate Judge of the Connecticut Appellate Court; LUBBIE HARPER, Appellate Judge of the Connecticut Appellate Court; PAUL FOTI, Appellate Judge of the Connecticut Appellate Court; LOIS TANZER, Trial Court Judge of the Hartford Superior Court; VANESSA L. BRYANT, Presiding Trial Court Judge of Hartford (now) US District Judge, District of Connecticut; ROBERT KILLIAN, JR., Hartford Probate Judge; TRAVELERS CASUALTY & SURETY COMPANY; BOCE W. BARLOW, JR., Esquire;  BRADFORD R. CARVER, Esquire; PAUL LEWIS, Esquire;<br>              Defendants. | 3:10- CV - 579 (CSH) |

**MEMORANDUM AND ORDER**

<u>HAIGHT</u>, Senior District Judge:

    Plaintiff Ronald Patterson (hereinafter "Plaintiff") brought this action for violation of his

1

civil rights under 42 U.S.C. § 1983 against thirteen judges, three attorneys, and a corporation. Specifically, he alleged that each of the named judges violated his Fourteenth Amendment rights by acting "under color of law" in their capacity as judges when issuing adverse rulings in state-court actions regarding his great-grandfather's estate. He further claimed that two attorneys who served as executors of the estate breached their fiduciary duties in its administration. Lastly, he maintained that the corporate defendant, Travelers Casualty & Surety Company ("Travelers"), and its attorney engaged in fraudulent behavior in the state-court proceedings regarding probate bonds issued on the estate.

Concurrently with his Complaint, Plaintiff filed a motion to proceed *in forma pauperis*. Doc. #1 & 2. That motion was denied as moot because the Court dismissed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Familiarity with that prior Order dated April 28, 2010 (Doc. #7) is assumed. Plaintiff now renews his request to proceed *in forma pauperis*, asks this Court to set aside its previous Order, and seeks to file an Amended Complaint. As set forth below, each of Plaintiff's motions must be denied.

I. **Motion to Proceed *In Forma Pauperis***

Pending before the Court is Plaintiff's second motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Doc. #9. This motion must be denied because all claims contained in Plaintiff's original Complaint and proposed Amended Complaint are "frivolous,"[1] fail to state claims upon which relief may be granted, and in the case of the judicial

---

[1] "Frivolous" does not mean that Patterson does not hold his views sincerely. Rather, the word in this context means based on "indisputably meritless legal theory" when the "claim lacks an arguable basis either in law or in fact," *Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir.1990)

defendants, are brought against defendants who have absolute immunity. 28 U.S.C. § 1915(e)(2)(B)(I)-(iii).[2]

The decision to grant or deny leave to proceed *in forma pauperis* is "within the sound discretion of the court." *Monti v. McKeon,* 600 F. Supp. 112, 113 (D. Conn. 1984) (citing *United States v. Jeff-Lewis Savings & Loan Association*, 530 F. Supp. 623, 628 (N.D.N.Y. 1982); and *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974), *cert. denied*, 419 U.S. 1090 (1974)). Before ruling on such a motion, it is incumbent upon the Court to assess the Plaintiff's Complaint to determine whether it sets forth any viable claims. Section 1915, the statute that authorizes the Court to grant *in forma pauperis* status, mandates that the Court "shall dismiss the case at any time if the court determines that ... (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

---

(*per curiam*), or "a dispositive defense clearly exists on the face of the complaint," *Carr v. United States,* Nos. 3:09-cv-44 (JCH), 3:09-cv-131 (JCH), 3:09-cv-137 (JCH), 3:09-cv-138 (JCH), 3:09-cv-144 (JCH), 3:09-cv-147 (JCH), 2009 WL 320332*,* at *1 (D. Conn. Feb. 5, 2009) (citing *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995)).

[2] 28 U.S.C. 1915(e)(2)(B) (i)-(iii) provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

. . .

(B) the action or appeal--

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

3

As stated *supra*, this Court previously dismissed Plaintiff's action under 28 U.S.C. § 1915(e)(2)(B), all the while exercising caution because the fact that the action may have appeared unlikely to succeed did not necessarily render it frivolous. *Carr v. United States,* Nos. 3:09-cv-44 (JCH), 3:09-cv-131 (JCH), 3:09-cv-137 (JCH), 3:09-cv-138 (JCH), 3:09-cv-144 (JCH), 3:09-cv-147 (JCH), 2009 WL 320332, at *1 (D. Conn. Feb. 5, 2009). Specifically, I found "frivolousness" based on the determination that the actions lacked an arguable basis in law or fact and failed to state claims upon which relief could be granted.[3] I then ruled that, in the absence of any viable federal claim, I lacked subject matter jurisdiction over the case and thus dismissal was mandatory.[4]

Plaintiff filed this new motion to proceed *in forma pauperis* contemporaneously with a motion for relief from judgment and a motion for leave to amend the dismissed Complaint. Doc. # 9, 10 & 11. In filing the three motions together, he hopes that, with the Court's approval, his case may be reopened and his Amended Complaint substituted for the original. As set forth below, however, the three motions must be denied. There is no valid ground to grant relief from the previous Order under Fed. R. Civ. P. 60(b) and the proposed Amended Complaint (Doc. #11-1) fails to contain any claim upon which relief may be granted. Thus, the renewed motion to proceed *in forma pauperis* will be denied as moot.[5]

---

[3]For a full discussion of the standard employed to determine whether an action is "frivolous," *see* Order (Doc. #7), pp. 4-8.

[4]Plaintiff invoked federal question jurisdiction and there was no diversity of citizenship. Doc. #2, p. 1 ¶ 1; *see also* 28 U.S.C. §§ 1331, 1332(a).

[5]The Court notes that Plaintiff's second motion to proceed *in forma pauperis* was accompanied by a more comprehensive financial affidavit, providing more of the required information, than his first such affidavit (*e.g.*, last salary or wages he received, list of cases he

4

## II. Motion For Relief From Judgment

Plaintiff has moved for relief from judgment under Fed. R. Civ. P. 60(b)(1)[6] "on the grounds that Plaintiff had [a] misunderstanding in the writing of the Original Complaint" and now "believe[s] he has cured the defects and still believes his claims are viable claims against the named defendants." Doc. #10, p. 1-2. He thus requests the Court to grant relief from its prior Order of dismissal and thereby revive his entire action.

Rule 60(b) (1) allows for relief from a final judgment where there has been "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Properly applied Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments. In other words, it should be broadly construed to do 'substantial justice,' yet final judgments should not 'be lightly reopened.'" *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986) (citations omitted); *see also Langsford v. Yale University School of Medicine*, 202 F.R.D. 367, 369 (D. Conn. 2001) (same)*; Freedom, N.Y., Inc. v. United States*, 438 F. Supp. 2d 457, 462

---

previously filed in this District). *Compare* Doc. # 1 *with* Doc. # 9; *see also* Doc. #7 (Part. I.A.) (discussing deficiencies in Plaintiff's affidavit). Although applauding Plaintiff's efforts at compliance, the Court must still deny the motion as moot where Plaintiff sets forth no claims upon which relief may be granted in either his original Complaint or proposed Amended Complaint.

[6]Rule 60 (b)(1) states in full:

"b) Grounds for Relief from a Final Judgment, Order, or Proceeding.

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect . . . ."

Fed. R. Civ. P. 60(b)(1).

(S.D.N.Y. 2006) (Rule 60(b) "is designed to strike a balance between serving the ends of justice and preserving the finality of judgments") (internal quotations and citations omitted).

Because Rule 60(b) " allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances." *Nemaizer*, 793 F.2d at 61; *accord Montco Inc. v. Barr ( Matter of Emergency Beacon Corp.)*, 666 F.2d 754, 758-759 (2d Cir. 1981)*, Winkler v. Grant,* No. 07-CV-6280, 2008 WL 3539898*,* at * 2 (W.D.N.Y. Aug. 12, 2008). Thus, "[a] motion for relief from judgment is generally not favored." *United States v. International Brotherhood of Teamsters*, 247 F.3d 370, 391 (2d Cir.2001). Moreover, a Rule 60(b) motion may not be employed to relitigate the merits of a case. *Neimazer,* 793 F.2d at 61*; Winkler*, 2008 WL 3539898*,* at * 2.

The party seeking relief has the burden of establishing the necessary extraordinary or exceptional circumstances, *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir.1994), and thus showing that at least one of the elements set forth in Rule 60(b) applies, *Williams v. New York City Dept. Of Corrections*, 219 F.R.D. 78, 84 (S.D.N.Y.2003) (citing *Kotlicky v. United States Fidelity Guar. Co.*, 817 F.2d 6, 9 (2d Cir.1987)). Courts within the Second Circuit have required that such evidence be "highly convincing" that the movant is entitled to relief. *Williams*, 219 F.R.D. at 84.

Whether or not the moving party has made a sufficient showing is left to the discretion of the court. *Nemaizer*, 793 F.2d at 61*; see also Langsford,* 202 F.R.D. at 369**,** *Winkler,* 2008 WL 3539898*,* at *2; *Thompson v. County of Franklin*, 180 F.R.D. 216, 220 (N.D.N.Y. 1998). Excuses such as an attorney's negligence, ignorance of the law or rules of court, and failure to effectively manage one's caseload have been held insufficient grounds to grant relief under Rule

60(b)(1). *Hill v. World Class Automotive Corp.*, No. 06-CV-2496 (SLT)(RLM), 2008 WL 4809445, at *3-4 (E.D.N.Y. Nov. 4, 2008); *Lorusso v. Marco Tropical Props., Inc.*, No. 83-CV-919 (E), 1988 WL 62879, at *1 (W.D.N.Y. June 10, 1988); and *Ilardi v. Bechtel Power Corp.*, 106 F.R.D. 567, 570 (E.D.N.Y. 1985). Furthermore, *pro se* litigants are not excused from the requirement of producing highly convincing evidence to support a Rule 60(b) motion. *Williams,* 219 F.R.D. at 84; *Gil v. Vogilano*, 131 F. Supp. 2d 486, 494 (S.D.N.Y. 2001).

In the case at bar where the plaintiff is *pro se,* the Court has special solicitude for his difficulties in navigating through the legal system and comprehending its many intricacies. Unfortunately, one of the ways he manifests these difficulties is by failing to acknowledge that his actions against the judges are barred by judicial immunity.[7] Plaintiff argues that because he believes the judges' rulings were made out of "favoritism," these rulings could not have been made in the judges' official capacities.

As the Court set forth in its previous Order, however, all judges possess judicial immunity in performing their official duties. *Bradley v. Fisher*, 13 Wall. 335, 347, 20 L.Ed. 646, 1871 WL 14737, at * 9 (1872). Such immunity is not removed when a judge makes mistakes, even if those mistakes result in grave procedural errors*, Stump v. Sparkman*, 435 U.S. 349, 359 (1978); nor is judicial immunity pierced by a plaintiff's allegations of bad faith or malice. *Bradley,* 1871 WL 14737, at * 9.

Moreover, the classification of a judge's actions as judicial or nonjudicial is a question of

---

[7]Plaintiff's proposed Amended Complaint not only includes the same thirteen judicial defendants who were named in his original Complaint, but in fact names one additional judge, "Former Judge Kevin E. Booth." Doc. #11-1.

law for the court. *Leslie v. Mortgage Electronic Registration Systems, Inc.*, No. 3:05-CV-1725 (AVC), 2006 WL 1980305, at * 4 (D. Conn. July 12, 2006). This Court has previously ruled that the relevant actions were all "judicial," taken by judges in their official capacities and performed in the normal course of their duties. Plaintiff made no allegations that he dealt with any of the named judges outside of the judicial context nor that the judges lacked jurisdiction over the matters they decided.[8]

Furthermore, Plaintiff challenged the validity of state court judgments, failing to take into account the *Rooker-Feldman* doctrine. That doctrine prevents lower federal courts from entering rulings that constitute appellate review of state court judgments. *See Rooker v. Fidelity Trust Company*, 263 U.S. 413, 416 (1923) ( Supreme Court held that it has exclusive jurisdiction to review final state court judgments under 28 U.S.C. § 1257); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). District courts are therefore precluded from reviewing final state court judgments. *See, e.g.*, *Exxon Mobil Corp. v. Saudi Basic Industries Corp.* , 544 U.S. 280, 281 (2005) (federal court may not review and reject "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced."). In the present action, this Court was barred from reviewing the prior adverse state court rulings under *Rooker-Feldman*.[9]

---

[8]As this Court explained in its prior Order (Doc. #7), the only circumstances under which a judge is not immune are when the judge takes a nonjudicial action, *i.e.*, an action not within his or her judicial capacity, *Forrester v. White*, 484 U.S. 219, 227-229 (1988), *Stump v. Sparkman*, 435 U.S. 349, 360 (1978); or when the action is taken in the complete absence of all jurisdiction, *Stump*, 435 U.S. at 356-357; *Bradley v. Fisher*, 13 Wall. 335, 351-52, 20 L.Ed. 646, 1871 WL 14737, at *11 (1872). Neither circumstance is present in this case.

[9]The rulings at issue were final rulings in state court and Plaintiff in fact appealed unsuccessfully on at least one occasion. *See* Opinion of Connecticut Appellate Court in

Lastly, Plaintiff's claim against the non-judicial defendants[10] under 42 U.S.C.§ 1983 was and remains fatally flawed because Plaintiff's allegations do not demonstrate that any of these defendants acted either as a state official under the color of state law or in concert with a state official.[11] *See, e.g*, *Rodriguez v. Phillips*, 66 F.3d 470, 473 (2d Cir.1995). *See* also Doc. #7, p. 16-19. In order to state a valid claim for relief under Section 1983 of the Civil Rights Act, Plaintiff had to satisfy a two-part test by alleging facts that demonstrate: (1) the defendants acted under color of state law and (2) he was thereby deprived of a constitutionally or federally protected right. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982); *Washington v. James*, 782 F.2d 1134, 1138 (2d Cir.1986). Plaintiff failed to set forth allegations to establish the first prong and thus failed to set forth a valid claim.[12]

In sum, any so-called "mistakes" Plaintiff made in drafting his original Complaint were due to his understandable difficulty in interpreting the law, specifically the scope of judicial immunity, the existence and effect of the *Rooker-Feldman* doctrine in barring review of state

---

*Patterson v. Travelers Cas. & Surety Co.*, 104 Conn. App. 824, 936 A.2d 241 (Conn. App. 2007) (affirming Judge Bryant's and Judge Tanzer's rulings prior to trial and at trial below).

[10] In his original Complaint, these nonjudicial defendants included three attorneys, Boce W. Barlow, Jr.; Bradford R. Carver; and Paul Lewis; and a corporation, Travelers Casualty & Surety Company.

[11] Plaintiff alleged in both his Complaint and proposed Amended Complaint that the nonjudicial defendants were favored by the judges who made the adversary rulings against him. Therefore, these defendants must have been acting in concert with the judges. Such an inference is insufficient to prove actual complicity between the judges and opposing counsel.

[12] The Supreme Court defined "acting under color of state law" as the " '[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.' " *United States v. Classic*, 313 U.S. 299, 326 (1941)). None of the alleged wrongdoers in this case were shown to be cloaked with the authority of state law.

court judgments, and the requisite elements of an action under the "color of state law" under 42 U.S.C. § 1983. Given the prevailing appellate authority, I am constrained to hold that Plaintiff's understandable lack of legal knowledge or difficulty in interpreting the law is not a grounds for relief from judgment. Furthermore, Plaintiff cannot correct his prior "mistakes" by drafting an Amended Complaint based on the same legal premises and general factual allegations.

Similarly, Plaintiff makes no showing that his flawed Complaint was drafted or filed due to any particular "inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60 (b)(1). Rather, he rests on his *pro se* status to request another proverbial bite at the apple. In sum, Plaintiff has failed to make the requisite showing that any "exceptional circumstances" or prescribed bases to grant the motion exist.[13]

Although sympathetic to the Plaintiff's difficulties, this Court may not excuse him from the requirement of producing highly convincing evidence to support his Rule 60(b) motion. As Judge Squatitro of this District explained in *Cole v. General Elec. Co.*, No. 3:97 CV 2271(DJS), 2004 WL 1305874, at *1 (D. Conn. June 10, 2004), the simple fact that Plaintiff "does not agree with the court's application of the law is hardly an appropriate basis for relieving the court's judgment." Nor is his unhappiness with the court's dismissal of his case a sufficient ground for

---

[13]The Court notes that relief from judgment is also not proper in this case under the "catch-all provision" of Fed. R. Civ. P. 60(b)(6). That provision grants federal courts authority to grant relief from a final judgment "upon such terms as are just." *See Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 863 (1988); *Dauber v. Connecticut*, No. 3:03cv199 (PCD), 2006 WL 2828426, at *3-4 (D. Conn. Sept. 28, 2006). The Supreme Court has noted, however, that even though Rule 60(b)(6) can be used to vacate judgments "whenever such action is appropriate to accomplish justice," this catch-all rule should only be employed in "extraordinary circumstances." *Liljeberg*, 486 U.S. at 864 (citations omitted). Plaintiff has presented no "extraordinary circumstances" in this case.

relief.  "The judicial system would grind to a halt if every defeated litigant were entitled to relief from judgment solely because he is unhappy that his case was lost." *Cole*, 2004 WL 1305874, at * 1.   Plaintiff's motion for relief from judgment will  be denied.

**III.    Motion For Leave To Amend**

Lastly, Plaintiff moves for leave to amend his Complaint pursuant to Fed. R. Civ. P. 15(a)(2), with the "court's leave."[14]   He states that he seeks to amend so that he can "add a party . . . Former Trial Judge Kevin E. Booth." Doc. #11, p. 1, para. 1.   He further contends that he has not brought this action to contest his losses in state court, but rather because the state court judges misused their powers and acted unlawfully, "purporting or pretending to act in the [official] performance" of their duties. *Id.*, p. 2, para. 1-2.  He also maintains that the attorney

---

[14]Fed. R. Civ. P. 15(a), captioned "Amendments Before Trial," states in full:

(1) Amending as a Matter of Course.

A party may amend its pleading once as a matter of course within:

    (A) 21 days after serving it, or

    (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

(2) Other Amendments.

In all other cases, **a party may amend its pleading only with the opposing party's written consent or the court's leave.** The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a) (emphasis added).

defendants and Travelers were "willful participant[s]" with these judges and thus deprived him of his "[C]onstitutional right to make and enforce contractual obligations" owed to him under the will of his great grandfather. *Id.*, p.2, para. 1.

Preliminarily, this Court duly notes that leave to amend one's complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Moreover, the Court must "construe *pro se* complaints liberally and . . . apply a more flexible standard in determining the sufficiency of a *pro se* complaint than . . . [it] would in reviewing a pleading submitted by counsel." *Platsky v. C.I.A.*, 953 F.2d 26, 28 (2d Cir.1991) (citing, *inter alia*, *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)); *Ortiz v. Santora*, 223 F. Supp. 2d 387, 393 n.4 (D. Conn. 2002) (same). *Accord Boykin v. Keycorp*, 521 F.3d 202, 214 (2d Cir. 2008) ("A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers") (internal quotations and citation omitted).

In the present case, however, a close and liberal reading of the proposed Amended Complaint, seeking "any indication that a valid claim may be stated," reveals that it contains the same basic flaws as the original.[15] *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002). First, the Amended Complaint names fourteen judicial defendants and attempts to sue them for actions taken in their official capacities as state court judges. Second, as stated *supra* and in this Court's previous Order of April 28, 2010 (Doc. #7), the Amended Complaint once again attempts to set

---

[15]Plaintiff's proposed Amended Complaint is a lengthy document (120 pages), more than three times as long as his originally filed Complaint (Doc. #2, 36 pages). However, despite Plaintiff's prodigious efforts, the legal theories set forth and the facts alleged therein do not render his proposed causes of action any more viable the second time.

forth section 1983 actions against three lawyers and one corporation, none of whom acted as state officials, under the color of state law, or in concert with a state official.[16]

Granted, Plaintiff has inserted additional details regarding the judges' findings of fact and rulings of law he believes were erroneous. He surmises that because he believes the judges' rulings were wrong, these rulings must have been made due to favoritism or fraud.[17] None of the

---

[16]The Court notes that, in his proposed Amended Complaint, Plaintiff has inserted allegations that defendants violated additional sections of the Civil Rights Act of 1871, namely 42 U.S.C. §§ 1985(2) and (3), 1986, and 1988. Doc. #11-1, p. 1, paras. 1, 13-18. He has failed, however, to set forth sufficient facts to support valid claims for any of those sections.
    First, section 1985 (2) deals with obstruction of justice and the intimidation of parties, witnesses, or jurors. 42 U.S.C. § 1985(2). Section 1985(3) refers to the deprivation of equal protection by those conspiring or going "in disguise on the highway or premises of another," for the purpose of depriving that person "of equal protection of the laws." *Id.* § 1985(3). Plaintiff, however, makes no factual allegations to suggest that any of the defendants conspired to intimidate or threaten either him or any witness in the state court proceedings. He further fails to allege that anyone conspired or went in disguise on the highway or on the premises of another for the purpose of depriving any person of equal protection.
    Second, section 1986 relates to 1985 and prohibits "[e]very person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed," from failing or refusing to prevent such wrongful acts from being committed if he has the power to do so. *Id.* § 1986. Where no actions described in section 1985 are alleged to have occurred, section 1986 is also inapplicable to the case at bar.
    Lastly, section 1988 discusses federal jurisdiction, the application of common and statutory law, attorney's fees, and expert fees in civil rights actions arising, *inter alia*, under sections 1981 through 1986. *Id.* § 1988. Section 1988 itself does not set forth a particular cause of action against defendants. To the extent that plaintiff broadly alleges "breach of contract, tortuous [sic] interference with suretyship contracts," and "wilful and recklessness that constitutes fraud," none of those allegations overcomes the obstacles that prevent plaintiff from stating valid claims under 42 U.S.C. §1983 (*i.e.,* judicial immunity, the R*ooker-Feldman* doctrine, and the necessity of defendants to have acted under "color of state law").

[17]To state a valid claim, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, — U.S. —, —, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). Such a claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

rulings, however, were made outside of the judges' official duties. The additional facts therefore fail to bolster the validity of Plaintiffs' claims.

The Court is mindful of Plaintiff's likely frustration in drafting such a copious new complaint. The finding of "frivolousness" regarding the original Complaint, however, was not due to a paucity of factual allegations but rather to the failure of those allegations to set forth any valid claims. In sum, the actions against the judicial defendants remain barred by immunity and the section 1983 claims still fail to allege the requisite factors, including actions taken by the individual and corporate defendants under the color of state law. The Court thus has no choice but to deny Plaintiff's motion for leave to amend.

## IV.   Conclusion

The Court has reviewed each of the Plaintiff's pending motions liberally and with the caution and leniency his *pro se* status deserves. Nonetheless each of the motions must be denied.

Plaintiff's second Motion for Leave to Proceed In Forma Pauperis (Doc. # 9) is DENIED as moot in that his action has been dismissed as "frivolous" under 28 U.S.C. § 1915(e)(2)(B) and the Court finds no grounds for reopening it. Accordingly, in the absence of "mistake, inadvertence, surprise, or excusable neglect" or "any other reason that justifies relief" under Fed. R. Civ. P. 60(b)(1)-(6), Plaintiff's Motion For Relief Of Judgment (Doc. #10) is also DENIED.

Lastly, upon close examination and liberal reading of Plaintiff's Amended Complaint, seeking any indication that a valid claim may be stated, I have no choice but to deny Plaintiff's motion for leave to amend. As the Second Circuit pronounced in *Pangburn v. Culbertson*, 200

F.3d 65, 70-71 (2d Cir. 1999), "futility is a valid reason for denying a motion to amend . . . where it is beyond doubt that the plaintiff can prove no set of facts in support of his amended claims." *See also Carr*, 2009 WL 320332, at *5. Were I to allow Plaintiff to proceed with the proposed amendment, it would indeed be an exercise in futility. Plaintiff's Motion For Leave To Amend (Doc. #11) is thus hereby DENIED with prejudice.

As in its previous Order (Doc. #7), the Court certifies that any appeal *in forma pauperis* from this Order would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3). It is SO ORDERED.

Dated: New Haven, Connecticut
August 5, 2010.

*/s/Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
SENIOR UNITED STATES DISTRICT JUDGE